IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GREEN,

    Plaintiff,

v.

EDMUND G. BROWN, JR.;
CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES; DR. K.
KUMAR; G. ELLIS; DEPUTY
DIRECTOR J. LEWIS; NURSE R.
ERGUIZA; DR. D. BRIGHT; B.
OMOSAIYE; DR. LAW SAN FU;
DR. PANONG

    Defendants.

No. C 18-0648 WHA (PR)
No. C 18-0649 WHA (PR)

**ORDER CONSOLIDATING CASES; ORDER OF PARTIAL DISMISSAL AND OF SERVICE; INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed two complaints under 42 U.S.C. 1983 on the same day about inadequate medical care at Salinas Valley State Prison ("SVSP). In Case No. 18-0648 WHA he complains about inadequate treatment for erectile dysfunction, and in Case No. 18-0649 WHA he complains about inadequate treatment for his chronic pain. Plaintiff names the same individuals as defendants in both cases. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the two cases are consolidated, claims against certain defendants are dismissed, and the complaints are ordered served upon defendants.

## ANALYSIS

**A.**     S TANDARD OF R EVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.　LEGAL CLAIMS**

Plaintiff's allegations, when liberally construed, state a cognizable claim for relief against defendants Dr. Law San Fu, Chief Medical Executive Dr. K. Kumar, Chief Executive Officer B. Omosaiye, Dr. D. Bright, Chief Executive Officer G. Ellis, Dr. Panong, and Nurse Erguiza under Section 1983 for deliberate indifference to plaintiff's serious medical needs, in violation of his rights under the Eighth Amendment.

Plaintiff has not stated a cognizable claim for relief against defendants Governor Edmund J. Brown, Deputy Director J. Lewis, or the California Correctional Health Care Services because he has not alleged actions or omissions by them that caused the alleged inadequacies in his medical care. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013) (liability may be imposed under Section 1983 only if plaintiff can show hat the defendant's actions both actually and proximately caused the deprivation of a federally protected right). To the extent he names them because they are the superiors or employers of the other individual defendants, liability may not be imposed on that basis. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (defendants may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior). Accordingly, the claims against these defendants will be dismissed.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against Governor Edmund J. Brown, Deputy Director J. Lewis, and the California Correctional Health Care Services are **DISMISSED.**

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (consisting of the complaint in both Case Nos. C 18-0648 WHA and 16-0649 WHA) with all attachments thereto, and a copy of this order upon **Dr. Law San Fu, Chief Medical Executive Dr. K. Kumar, Chief Executive Officer B. Omosaiye, Dr. D. Bright, Chief Executive Officer G. Ellis, Dr. Panong, and Nurse Erguiza** at **Salinas Valley State Prison.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion. If defendant is of the opinion that

3

this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendant **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with his motion, defendant shall proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//

//

8. Case Nos. C 18-0648 WHA and C 18-0649 WHA are **Consolidated**. The complaint in Case No. 18-0649 WHA is deemed part of the complaint in Case No. C 18-0648. The clerk shall file a copy of this order in both cases, administratively close Case No. C 18-0649 WHA, and terminate any pending motions in that case.

IT IS SO ORDERED.

Dated: February 7, 2018.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.