IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GREEN, | No. C 18-0648 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| EDMUND G. BROWN, JR.; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES; DR. K. KUMAR; G. ELLIS; DEPUTY DIRECTOR J. LEWIS; NURSE R. ERGUIZA; DR. D. BRIGHT; B. OMOSAIYE; DR. LAW SAN FU; DR. PAJONG, | (Dkt. No. 28) |
| Defendants. / | |

## INTRODUCTION

Plaintiff, a California prisoner, filed two civil rights cases that were consolidated into one. In both, plaintiff alleged that defendants were deliberately indifferent to his medical needs when he was at Salinas Valley State Prison ("SVSP"). After initial review, the claims against defendants Edmund G. Brown, J. Lewis, and the California Correctional Health Care Services were dismissed. Defendants Dr. Law San Fu, Dr. K. Kumar, B. Omosaiye, Dr. D. Bright, G. Ellis, Dr. Pajong, and R. Erguiza filed a motion for summary judgment. Plaintiff filed an opposition, and defendants filed a reply brief. For the reasons explained below, the motion for summary judgment is **GRANTED**.

## STATEMENT

Plaintiff claims that his medical care was inadequate in two respects. *First*, he claims his pain medications were replaced with a new medication that does not adequately treat his chronic pain. *Second*, he claims that he did not receive proper care for an episode of priapism

in July 2016.

When plaintiff was transferred from another prison to SVSP in May 2016, he had a prescription for Tylenol with codeine for chronic pain. SVSP medical personnel discontinued that prescription based upon new medical evidence that the long-term use of opiates for chronic pain is harmful and ineffective. In July 2016, plaintiff underwent two surgeries by non-defendants for his priapism at hospitals outside the prison, the second of which successfully treated his condition. After the surgeries, he received Tylenol with codeine and then morphine, respectively, for post-operative pain. The morphine was discontinued in June 2017 because it was not medically advisable for him to take it for that long. Another pain medication (gabapentin) that he was receiving for sciatica was replaced with oxycarbazepine, a non-addictive medication that is more medically appropriate for sciatica pain. Plaintiff wants to resume receiving codeine or morphine, and gabapentin. He received two surgeries from non-defendants at outside hospitals, the second of which successfully addressed his condition.

## ANALYSIS

### A. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

Defendants' summary judgment motion may not be granted solely because plaintiff has not opposed it. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001).

## B. DISCUSSION

Plaintiff claims that defendants violated his Eighth Amendment rights by providing inadequate medical care for priapism and chronic pain. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *See ibid.* A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff must show that the doctors chose a medically unacceptable course of treatment in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004)

The undisputed facts in plaintiff's medical records establish that defendants were not deliberately indifferent to plaintiff's priapism. Defendant Dr. Fu first examined plaintiff for this condition, and he provided extensive and responsive medical care. When plaintiff initially reported the problem, Dr. Fu recommended ice, discontinued the prescription for sildenafil (which had been prescribed to plaintiff by a non-defendant for another condition and was

exacerbating the priapism), and waited until the symptoms dissipated before releasing him back to his cell. When plaintiff returned the next day complaining that the priapism had returned, Dr. Fu immediately ordered an ambulance to take plaintiff to the hospital on an emergency basis. At the hospital, non-defendants performed an operation. When that operation proved unsuccessful because the priapism returned six days later, Dr. Fu again immediately ordered an emergency ambulance to take him to another hospital where a different surgery was performed that day. He remained at the hospital for over two weeks, and it successfully treated his priapism. This was plainly not an instance in which prison authorities disregarded a prisoner's medical needs. And there is no evidence that any of the measures taken by Dr. Fu were medically inappropriate for plaintiff's condition.

The record also shows that defendants also provided medically proper treatment for plaintiff's chronic pain. Plaintiff's disagreement with the changes to his pain medication does not create a triable issue as to whether defendants violated his Eighth Amendment rights.

Plaintiff states that he had neuropathy, Reynaud's disease, and sciatica. After he arrived at SVSP, a non-defendant did not renew his prescription for Tylenol with codeine. Approximately one week later, Dr. Fu saw plaintiff for withdrawal symptoms and prescribed a course of Tylenol with codeine that would gradually decrease to allow plaintiff to taper off of it over several days. When that course ended, defendant Erguiza gave him Tylenol for 15 days, following which plaintiff complained of withdrawal symptoms and pain but refused to take pain medications other than Tylenol with codeine. Defendants did not give that to him because of medical evidence at that time showing that long-term use of opiates is both hazardous and ineffective at treating chronic pain, and because plaintiff's vital signs did not show any health problems that warranted such medications. Plaintiff then had the two surgeries for priapism, after which the non-defendants who performed the surgeries prescribed him first Tylenol with codeine and then morphine for post-operative pain. Nearly a year later, defendant Dr. Vu tapered him off of morphine because it had long since become medically unnecessary and because there were indications that other inmates were attempting to obtain it from plaintiff.

4

The record is clear that defendants discontinued opiates for sound medical reasons, and there is no evidence that such a decision was medically inappropriate, let alone deliberately indifferent to plaintiff's medical needs.

Plaintiff also complains that he was tapered off of gabapentin. Dr. Vu and defendant Dr. Pajong discontinued gabapentin because recent studies showed that it was not effective to treat sciatica pain. They replaced it with oxycarbazepine, which is designed to address chronic pain and is not addictive. There is no evidence shows that gabapentin was medically necessary or that oxycarbazepine was not a proper medication for his condition. Under these circumstances, defendants cannot reasonably be found to have been deliberately indifferent to plaintiff's health when they replaced his gabapentin prescription.

Defendants Kumar, Bright, Ellis, and Omosaiye did not treat plaintiff, but instead were involved in the review of plaintiff's administrative appeals about the medical care discussed above. The handling of administrative appeals does not implicate an inmate's right to due process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a due process right to administrative appeal). Moreover, the denial of such appeals did not amount to deliberate indifference to plaintiff's medical needs, under the Eighth Amendment, because there is no evidence that plaintiff's medical care was medically inadequate.

Even when viewing the evidence in a light most favorable to plaintiff, no reasonable trier of fact could conclude that any defendants violated plaintiff's constitutional rights.

## CONCLUSION

For the reasons set out above, defendants' motion for summary judgment is **GRANTED**. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: August  21 , 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5